Eastern District of Kentucky
FILED
DEC 04 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**

**V. SECOND SUPERSEDING INDICTMENT NO. 25-CR-00068-SS-REW**

**KEVIN D. SANDERS,**
**aka DEUCE**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 841(a)(1)**

On or about February 19, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 2**
**21 U.S.C. § 841(a)(1)**

On or about February 19, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about March 11, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 4**
**21 U.S.C. § 841(a)(1)**

On or about April 14, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**<u>COUNT 5</u>**
**21 U.S.C. § 841(a)(1)**

On or about April 14, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**<u>COUNT 6</u>**
**21 U.S.C. § 841(a)(1)**

On or about April 21, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**<u>COUNT 7</u>**
**21 U.S.C. § 841(a)(1)**

On or about April 21, 2025, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally distribute a mixture or substance containing a detectable

amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 8**
**21 U.S.C. § 841(a)(1)**

On or about April 24, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 9**
**21 U.S.C. § 841(a)(1)**

On or about April 24, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally possess with intent to distribute 400 grams or more of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 10**
**21 U.S.C. § 841(a)(1)**

On or about April 24, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 11**
**21 U.S.C. § 841(a)(1)**

On or about April 24, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

**COUNT 12**
**18 U.S.C. § 924(c)(1)(A)**

On or about April 24, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

did knowingly possess a firearm in furtherance of the drug trafficking crimes charged in Counts 8, 9 and 10 for which he may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A).

**COUNT 13**
**18 U.S.C. § 922(g)(1)**

On or about April 24, 2025, in Fayette County, in the Eastern District of Kentucky,

**KEVIN D. SANDERS,**
**aka DEUCE,**

knowing he had previously been convicted of a felony offense punishable by a term of imprisonment of one year or more, did knowingly possess firearms, to wit: a Ruger 9mm pistol, serial number 337-04826; a Diamondback Inc. Arms 9mm pistol, serial number MA3978; a Glock model 22 .40 caliber pistol, serial number PXC151; a Ruger .45

caliber pistol, serial number 663-48274; and Glock model 27 10mm pistol, serial number BWG907, all in violation of 18 U.S.C. § 922(g)(1).

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the felony offenses alleged in Counts 1 through 11 of the Second Superseding Indictment, **KEVIN D. SANDERS, aka DEUCE,** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **KEVIN D. SANDERS** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Counts 12 and 13 of the Second Superseding Indictment, **KEVIN D. SANDERS, aka DEUCE,** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. §§ 922 and 924. Any and all interest that **KEVIN D. SANDERS** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
$9,165.00 in U.S. currency seized on or about April 24, 2025.

**FIREARMS AND AMMUNITION:**

a. Ruger 9mm pistol, serial number 337-04826;
b. Diamondback Inc. Arms 9mm pistol, serial number MA3978;
c. Glock model 22 .40 caliber, serial number PXC151;
d. Glock model 27 10mm pistol, serial number BWG907; and
e. Assorted ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

[redacted]

**PAUL C. McCAFFREY**
**ACTING UNITED STATES ATTORNEY**

# PENALTIES

**COUNTS 1–7, 11**: Not more than 20 years imprisonment, not more than a $1,000,000,000 fine, and at least 3 years supervised release.

**If prior felony drug conviction:**
Not more than 30 years imprisonment, not more than a $2,000,000,000 fine, and at least 6 years supervised release.

**COUNTS 8:** Not less than 5 years and not more than 40 years imprisonment, not more than a $5,000,000 fine and at least 4 years supervised release.

**If prior serious drug felony conviction or serious crime of violence conviction:**
Not less than 10 years and not more than life imprisonment, not more than an $8,000,000 fine and at least 8 years supervised release.

**COUNTS 9 - 10:** Not less than 10 years imprisonment, not more than a $10,000,000 fine and at least 5 years supervised release.

**If prior serious drug felony conviction or serious crime of violence conviction:**
Not less than 15 years and not more than life imprisonment, not more than a $20,000,000 fine and at least 10 years supervised release.

**COUNT 11:** Not less than 5 years imprisonment, but not more than life imprisonment, consecutive to any other term of imprisonment, not more than a $250,000,000 fine, and at least 5 years supervised release.

**COUNT 12:** Not more 15 years imprisonment, not more than a $250,000 fine, and not more than 3 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.